(R.D. 11346)

TAKARA CO., N.Y., INC. *v.* UNITED STATES

(Decided August 17, 1967)

*Norman J. Bergman* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

FORD, Judge: The proper basis for dutiable purposes of certain barber chairs and mechanical hair dressing beauty chairs covered by the appeals for a reappraisement enumerated in the schedule "A," attached hereto and made a part hereof, is before the court for determination.

The parties hereto have entered into a stipulation of facts wherein it has been agreed as follows:

It is hereby stipulated and agreed, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the merchandise described on the invoices as barber chairs and mechanical hair dressing beauty chairs.

2. That the merchandise covered hereby was entered for consumption after February 27, 1958, the effective date of Section 2 of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165); that none of the merchandise is identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act, (T.D. 54521); that appraisement was accordingly made under section 402, Tariff Act of 1930, as amended by the Customs Simplification Act;

3. That at the time of exportation to the United States of the merchandise under consideration, barber chairs numbers 5 and 700 were freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States at the following prices:

> #5      Invoice unit price C.I.F. plus 5.72%, packed
> #700      "      "      "      "      "  7.62%, packed

4. That the ocean freight and insurance included in said C.I.F. prices are charges which were incurred after the merchandise was packed, ready for exportation, in a principal market of Japan;

5. That as to all chairs other than those listed in paragraph 3, at the time of exportation to the United States of the merchandise under consideration, said merchandise was not freely sold or offered for sale in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, and they were not sold or offered for sale in the principal market of the United States for domestic consumption in the same condition in which they were imported.

6. That the constructed values of the chairs which are not listed under Par. 3 are the C.I.F. invoice unit prices less ocean freight and insurance, plus 4½%, packed.

7. That the appeals to reappraisement enumerated on Schedule "A" hereto attached and made a part hereof may be submitted on this stipulation and are limited to the merchandise and issues described above and are abandoned in all other respects.

Upon the record before the court, I find and hold that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value for barber chairs numbered 5 and 700 and that said value is as follows:

> #5      Invoice unit price C.I.F. plus 5.72 percent, packed
> #700      "      "      "      "      "  7.62      "      "

and that constructed value, as that value is defined in section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value as to all chairs other than numbers 5 and 700 and that said value is at the c.i.f. invoice unit prices, less ocean freight and insurance, plus 4½ percent, packed. As to all other items of merchandise, the appeals for a reappraisement having been abandoned are dismissed.

Judgment will be entered accordingly.